IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

SUSAN LAVON LANKFORD; RACHEL ELY; )
JAN EVERETT, as next friend of JOSEPH )
EVERETT; DONALD EUGENE BROWN; )
LAURA LEE GREATHOUSE; KIMBERLY )
VOGELPOHL; ADAM DANIEL TOMASON, )
                                                          )
    Plaintiffs, )
                                                          )
v. ) Case No. 05-4285-CV-C-DW
                                                          )
GARY SHERMAN, DIRECTOR, MISSOURI )
DEPARTMENT OF SOCIAL SERVICES, IN HIS )
OFFICIAL CAPACITY, )
                                                          )
    Defendant. )

ORDER

Before the Court is Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, Defendant's motion is denied.

I.     Factual Background

Plaintiffs have disabilities ranging from paralysis to cardio-pulmonary disease. They depend on the Missouri Medicaid program for their prescribed durable medical equipment (DME). Provision of DME is an optional service which the Missouri legislature has not elected to provide. The legislature has eliminated certain DME provisions, except to categorically needy children, pregnant women, and to persons who are blind. Plaintiffs are categorically needy people who are neither children, pregnant, nor blind.

Plaintiffs' first claim alleges that Missouri's Rule 13 CSR § 70-60.010 violates the

1

comparability provisions of 42 U.S.C. § 1396(a)(10)(B) (Complaint ¶ 65-66).  Plaintiff's third claim alleges that Missouri's Rule 13 CSR § 70-60.010 violates the reasonable standards provision of 42 U.S.C. § 1396a(a)(17) (Complaint ¶ 69-70).

Plaintiff's second and fourth claims allege that Rule 13 CSR § 70-60.010, by virtue of the fact that it is allegedly contrary to the comparability and reasonableness provisions of the Federal Medicaid Act, is preempted by the Supremacy Clause of the United States Constitution.

II.     Standard

A motion for dismissal under 12(b)(6) requires the Court to review the facts contained in the pleadings in the light most favorable to the plaintiff and assume all of the facts therein are true.  See Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). A plaintiff is required only to set forth "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief.'" Schmedding v. Tnemec Co., Inc.,187 F.3d 862, 864 (8th Cir. 1999) (citations omitted). However, a complaint should not be dismissed merely because it does not precisely state all of the elements giving rise to a legal basis for recovery. See Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974). "Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Schmedding, 187 F.3d at 864.

A motion to dismiss for lack of jurisdiction under Rule 12(b)(1) which is limited to a facial attack on the pleadings is subject to the same standard as a motion brought under Rule 12(b)(6).  Mattes v. ABC Plastics, Inc., 323 F.3d 695 (8th Cir. 2003) (citations omitted).

III. Analysis

   A.   42 U.S.C. § 1983

Defendant argues that the comparability provision of 42 U.S.C. § 1396(a)(10)(B) and the reasonableness provision of 42 U.S.C. § 1396a(a)(17) do not provide a right of action under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, under the color of state law, deprives an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the Untied States. 42 U.S.C. § 1983.

Courts employ the three part test to determine whether a law creates an individual right of action:

> First, Congress must have intended that the provision in question benefit the plaintiff. Second, the plaintiff must demonstrate that the right assertedly protected by the statute is not so 'vague and amorphous' that its enforcement would strain judicial competence. Third, the statute must unambiguously impose a binding obligation on the States. In other words the provision giving rise to the asserted right must be couched in mandatory rather than precatory terms.

Blessing v. Freestone, 520 U.S. 329, 340 - 41 (1997) (citations omitted).

The Supreme Court clarified this test in Gonzaga Univ. v. Doe, 536 U.S. 273 (2002). Under Gonzaga, a plaintiff may bring suit under § 1983 only if the statue unambiguously demonstrates congressional intent to confer an individual or personal right on that plaintiff. Id. at 283.

While the Eighth Circuit has not ruled on the enforcability of the comparability and reasonableness provisions, it has repeatedly found provisions of the Medicaid Act to meet the enforcement test under § 1983. Pediatric Specialty Care, Inc. v. Arkansas Dep't of Human Servs., 293 F.3d 472, 479 (8th Cir. 2002) (enforcing Medicaid EPSDT provisions;) appeal after remand, 364 F.3d 925, 930 (8th Cir. 2004) (enforcing Medicaid equal access provision); White v. Martin, 2002 U.S. Dist. LEXIS 27281 at * 15-19 (W.D. Mo. Oct. 3, 2002) (enforcing Medicaid

Act reasonable promptness and transitional Medicaid requirements).

Furthermore, other courts have ruled on the comparability provision and found that it creates an enforceable right under § 1983. Michelle P. v. Holsinger, 356 F. Supp. 2d 763, 767-768 (E.D. Ky. 2005); Martin v. Taft, 222 F. Supp. 2d 940, 978 (S.D. Ohio 2002); Antrican v. Buell, 158 F. Supp. 2d 663 (E.D.N.C. 2001).

The comparability provision, 42 U.S.C. § 1396(a)(10)(B), provides:

A State plan for medical assistance must –

(10) provide –

(B) that the medical assistance made available to any individual described in subparagraph (A) –

(i) shall not be less in amount, duration, or scope than the medical assistance made available to any other such individual.

Applying the Blessing/Gonzaga analysis, this provision is clearly intended to benefit Plaintiffs as the terms focus directly on the amount, duration, and scope of medical assistance due to "qualified individuals" such as Plaintiffs in this case. Michelle P., 356 F. Supp. 2d at 768.

Second, the provision is sufficiently specific and detailed, as opposed to vague and ambiguous, so as to create an enforceable right under § 1983. Mendez v. Brown, 311 F. Supp. 2d 134, 138 (D. Mass. 2004) ("'The provisions set a binding obligation on [the states]' and 'are not so vague and amorphous as to defeat judicial enforcement.'") (citations omitted).

Lastly, the requirement that the medical assistance made available to any categorically needy individual *shall not be* less in amount, duration or scope than the medical assistance available to any other such individual is sufficiently mandatory to satisfy the third prong of the Blessing test. Michelle P., 356 F. Supp. 2d at 768 (citations omitted).

4

As regards the reasonableness provision of 42 U.S.C. § 1396a(a)(17), "there exists a persuasive line of authority evidencing Congress' intent that [42 U.S.C. § 1396a(a)(17)] create[s] private rights for which [Plaintiffs] may seek redress under section 1983." Mendez, 311 F. Supp. 2d at 139. According to this provision:

> "A State plan for medical assistance must ... (17) ... include reasonable standards (which shall be comparable for all grounds and may [differ in some respects based on income levels]) for determining eligibility for and the extent of medical assistance under the plan which (A) are consistent with the objectives of the subchapter."

This provision applies directly to a class of persons, Medicaid applicants and recipients, rather than to the "public at large." Cannon v. Univ. of Chicago, 441 U.S. 677, 690, n. 13. Second, the provision is neither vague nor amorphous. On the contrary, it requires eligibility standards to be "reasonable," "comparable for all groups," "consistent with the objectives of [the Medicaid Act]" and in compliance with the income requirements of the reasonable standards provision. Markva, 168 F. Supp. 2d at 711. Lastly, the provision's language that a state plan for medical assistance "must" include reasonable standards is mandatory, not precatory. Id.

Accordingly, the Court finds that the comparability provision of 42 U.S.C. § 1396(a)(10)(B) and the reasonableness provision of 42 U.S.C. § 1396a(a)(17) are enforceable under 42 U.S.C. § 1983.

    B.    <u>Supremacy Clause</u>

Defendant argues that the Plaintiffs' second and fourth claims should be dismissed because the Supremacy Clause is not a source of any federal right. The Court disagrees. It is well established that there is an implied right of action under the Supremacy Clause to enjoin a state regulation that is preempted by a federal constitutional provision. Local Union No. 12004

5

Case 2:05-cv-04285-DW    Document 41    Filed 11/22/05    Page 5 of 6

v. Massachusetts, 377 F.3d 64, 75, n. 8 (1st Cir. 2004) (citations omitted).  A preemption claim is an independent cause of action and does not require a right of action under the statute, either directly or through § 1983.  Wright v. Electric Inc. v. Minnesota State Bd. of Election, 322 F.3d 1025, 1028-29 (8th Cir. 2003); Pharmaceutical Research and Mfrs v. Concannon, 249 F.3d 66, 73 (1st Cir. 2001) (citations omitted).

Accordingly, the Court holds that Plaintiffs have asserted valid preemption claims under their Complaint's second and fourth claims for relief.

IV.     Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is denied.

IT IS SO ORDERED

   /s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

DATE:   November 22, 2005